UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
ALI FREED JOHNSON,              :    CASE NO. 4:04-CV-169
                                                :
            Petitioner,              :
                                                :
vs.                                         :    OPINION AND MEMORANDUM
                                                :    [Resolving Doc. Nos. 1, 19]
MICHELLE EBERLIN, WARDEN,   :
                                                :
            Defendant.              :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Presently pending before the Court is Ali Freed Johnson's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. [Doc. No. 1]. The Court referred the case to Magistrate Judge George J. Limbert under Local Rule 72.1.

On November 4, 2004, the Magistrate Judge filed a report and recommendation. [Doc. No. 19]. The Magistrate Judge recommends that this Court deny Johnson's petition as time-barred pursuant to the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"). 28 U.S.C. § 2244(d)(1). The Magistrate Judge further recommends that Johnson's petition should not be entitled to tolling under Section 2244(d)(2) for the time during which Johnson's petition for state post-conviction relief was pending. Moreover, the Magistrate Judge recommends that equitable tolling should not apply.

On November 23, 2004, Petitioner Johnson filed objections to the Magistrate Judge's report and

-1-

Case No. 4:04-CV-169
Gwin, J.

recommendation. [Doc. No. 21]. Johnson admits that his habeas petition was untimely, but he argues that the Court should toll the statute of limitations and that equitable tolling should apply.

For the reasons described below, the Court does not adopt the Magistrate Judge's report and recommendation. As described below, the Court ORDERS the parties to submit briefing on the issue whether the Court should remand for Johnson to exhaust his state court remedies or consider Johnson's claims on the merits.

## I. BACKGROUND

*A. Factual Background*

On August 28, 1993, Johnson fired four bullets into Charles Hudson at close range in a parking lot in Youngstown, Ohio.

On July 3, 1995, Johnson waived his right to a jury trial and chose to try his case to the bench of the Court of Common Pleas of Mahoning County. At trial, Johnson testified that he shot Hudson, but he insisted that he fired the shots in self defense.

On September 13, 1995, the trial judge found Johnson guilty of murder with a firearm specification in violation of Ohio Revised Code § 2903.02. The trial judge sentenced Johnson to a term of imprisonment for fifteen years to life with a consecutive term of three-years imprisonment for the firearm specification.

*B. Procedural Background*

*1. Johnson's Motion for a New Trial*

On September 20, 1995, Johnson, through counsel, filed a motion for a new trial with the Court of Common Pleas of Mahoning County. In seeking a new trial, Johnson argued that his trial counsel was

Case No. 4:04-CV-169
Gwin, J.

ineffective for failing to ask the trial judge to consider lesser-included offense of voluntary manslaughter. Johnson further maintained that the evidence presented at trial was insufficient for finding him guilty of murder. He argued that the evidence could at most support a guilty verdict on a lesser-included offense.

On June 7, 2000, the trial judge overruled Johnson's motion for a new trial. Because neither Johnson nor his attorney mentioned lesser-included offenses at trial, the trial judge found the argument had been waived and refused to consider the argument regarding lesser-included offenses.

*2. Direct Appeal*

On February 20, 2001, Johnson, through counsel, appealed his conviction and sentence to the Ohio Court of Appeals. He asserted two claims: (1) that the trial court erred in convicting him of murder when "it failed to consider the lesser included offense of involuntary manslaughter"; and (2) that the trial court erred because his conviction was "against the manifest weight of the evidence and the evidence supporting the conviction was insufficient as a matter of law."

On December 18, 2001, the Ohio Court of Appeals affirmed Johnson's conviction and sentence, holding that the trial court did not err in finding Johnson guilty of murder because the State of Ohio proved all of the elements beyond a reasonable doubt. Because Johnson had a bench trial, the appellate court reasoned that the sufficient evidence supported the guilty verdict, especially since the trial judge was familiar with the evidentiary requirements of murder and lesser-included offenses.

On February 1, 2002, Johnson, through counsel, filed an appeal with the Ohio Supreme Court, contending that the trial judge erred in failing to consider "factually appropriate lesser-included offenses in rendering a verdict."

Case No. 4:04-CV-169
Gwin, J.

On April 3, 2002, the Ohio Supreme Court denied Johnson leave to appeal. Johnson did not petition the United States Supreme Court for a writ of certiorari.

*3. Johnson's Petition for State Post-Conviction Relief*

Johnson filed one petition for state post-conviction relief with the trial court on February 20, 2001, which was the same day when he filed his brief with the Ohio Court of Appeals in his direct appeal. In his petition for state post-conviction relief, Johnson asserted that his trial counsel was ineffective because he failed to ask the trial court to consider lesser-included offenses. Johnson further contended that his trial counsel was ineffective for failing to investigate the victim's criminal history, which Johnson argued could have supported Johnson's theory that he acted in self-defense.

On February 27, 2001, the State of Ohio filed a motion to dismiss, contending that Johnson's petition for state post-conviction relief was untimely. On May 30, 2001, the trial judge denied the State of Ohio's motion to dismiss. Contrary to the State of Ohio's argument, the trial judge found that Johnson's petition for state post-conviction relief was timely.

On August 3, 2001, the State of Ohio filed a motion for summary judgment.

On September 24, 2001, the trial court dismissed Johnson's petition for state post-conviction relief. The trial judge considered Johnson's ineffectiveness claim on the merits, concluding that Johnson failed to show ineffective assistance of counsel.

Johnson did not appeal this determination to the Ohio Court of Appeals or any other court.

*4. Federal Habeas Petition*

On January 23, 2004, Johnson filed a petition for a writ of habeas corpus with this Court pursuant

Case No. 4:04-CV-169
Gwin, J.

to 28 U.S.C. § 2254, raising the ineffectiveness claim that he asserted in his state habeas petition. Johnson asserted ineffective assistance of counsel. In support, Johnson alleged that:

> "[d]uring the trial of this case, the court was not asked to consider, and the record indicates that the court did not consider, the lesser included offense of voluntary manslaughter. Attorney Don L. Hanni, trial counsel, acknowledged that by reason of inadvertence or mistake he did not request the court to consider the lesser included offense of voluntary manslaughter. During the trial of this case, the defense relied solely on the affirmative defense or self-defense."

The Magistrate Judge recommends denying Johnson's federal habeas petition as time-barred.

## II. LEGAL STANDARD

The Court reviews Magistrate Judge Limbert's report and recommendation de novo. *Flournoy v. Marshall*, 842 F.2d 875, 875-76 (6th Cir. 1998).

The AEDPA governs the standards of review for a federal habeas court reviewing state court decisions. The AEDPA became effective on April 24, 1996. Because Johnson filed his § 2254 petition after the AEDPA became effective, the AEDPA applies to this case. *E.g., Lindh v. Murphy*, 521 U.S. 320, 327 (1997); *Baker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000); *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998).

The Supreme Court has stated that "[p]rocedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." *Daniels v. United States*, 532 U.S. 374, 381 (2001). Among other things, the AEDPA amended 28 U.S.C. § 2244 to include a one-year limitations period for prisoners filing federal habeas corpus petitions. A petitioner must file his habeas petition within one year of the later of four events, including the date upon which the judgment becomes final. *See* 28 U.S.C. § 2244(d)(1)(A). For

Case No. 4:04-CV-169
Gwin, J.

purposes of federal habeas corpus review, a state court judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review," whichever comes later. 28 U.SC. § 2244(d)(1)(A). Direct review includes the ninety-day period during which a prisoner may petition the United States Supreme Court for a writ of certiorari, regardless of whether he files such a petition. *Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003) (en banc), *cert. denied*, 541 U.S. 1070 (2004).

The AEDPA tolls the one-year limitations period during "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

### III. DISCUSSION

In his petition for habeas relief, Johnson claims ineffective assistance of counsel. The State of Ohio argued that Johnson's petition was untimely and that it is not subject to tolling pursuant to 28 U.S.C. § 2254 or to equitable tolling. Johnson concedes that his federal habeas petition was untimely, but he argues that the one-year time limitation should be tolled because he claims ineffective counsel, that he lacks legal education, and that prison resources were insufficient. He objects to the Magistrate Judge's report and recommendation, and he argues that equitable tolling should apply to his petition.

In their briefs, the parties have not addressed any procedural issues (other than timeliness) that would preclude the Court from reviewing the merits of Johnson's petition pursuant to the AEDPA. Nor has either party addressed Johnson's claims on the merits.

For the following reasons, the Court disagrees with the Magistrate Judge's recommendation, and it does not adopt the Magistrate Judge's report. Pursuant to the AEDPA, Johnson is entitled to tolling of

Case No. 4:04-CV-169
Gwin, J.

the AEDPA's limitations period for seven months, during which his state post-conviction petition was pending. *See* 28 U.S.C. § 2244(d)(2). Accordingly, Johnson's federal habeas petition is timely.

*A. Statute of Limitations*

The State of Ohio contends that Johnson's federal habeas petition is time barred by the AEDPA's one-year limitations period. The State of Ohio further maintains that Johnson's federal petition is not subject to tolling pursuant to Section 2244(d)(2) or equitable tolling. Johnson acknowledges that his federal habeas petition was filed more than one year after his conviction became final, but he argues that the one-year limitations period should be tolled.

The Court finds that Johnson's state habeas petition tolled the AEDPA's one-year limitations period for seven months while the state petition was pending pursuant to Section 2244(d)(2). Since the AEDPA's limitations period was tolled for seven months, Johnson's federal habeas petition was timely. Accordingly, the Court need not consider whether Johnson was entitled to equitable tolling. Johnson's conviction became final on July 2, 2002, because that is when the ninety-day period for petitioning the United States Supreme Court for a writ of certiorari expired. *See Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003) (en banc), *cert. denied*, 541 U.S. 1070 (2004). Thus, Johnson had one year from July 2, 2002, to file his federal habeas corpus petition unless the one-year limitation period is tolled. *See* 28 U.S.C. § 2244(d)(1).

Pursuant to the AEDPA, the one-year statute of limitations is tolled while a state habeas petition is pending. 28 U.S.C. § 2244(d)(2).

To toll the AEDPA's one-year limitations period, a petition for state post-conviction relief must be

Case No. 4:04-CV-169
Gwin, J.

"properly filed." 28 U.S.C. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis omitted); *Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003).

Under Ohio law, a prisoner must file his petition for state post-conviction relief within 180 days after the trial transcript is filed with the Ohio Court of Appeals. Ohio Rev. Code § 2953.21(2). In complying with this time limitation provision, a prisoner's direct appeal may still be pending before the Ohio Court of Appeals or Ohio Supreme Court when he files his petition for state post-conviction relief. *See* Ohio Rev. Code § 2953.21(C) ("The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending."); *Morgan v. Eads*, 104 Ohio St. 3d 142, 145, 818 N.E.2d 1157, 1160 (Ohio 2004) ("Trial courts routinely consider petitions for postconviction relief even while an appeal from the conviction is pending either in the court of appeals or in this court.").

In this case, the trial judge rejected the State of Ohio's arguments that Johnson's state habeas petition was untimely. The Court defers to the state court findings that Johnson's state-post conviction petition was properly filed and was timely under Ohio law. *See Israfil v. Russell*, 276 F.3d 768, 771-72 (6th Cir. 2001), *cert. denied*, 535 U.S. 1088 (2002). Johnson asserted a claim of ineffective assistance of counsel in both his state and federal habeas petitions. Johnson did not raise any claims other than ineffective assistance in either his state or federal habeas petitions.

Finally, the Court considers whether Johnson's state petition was pending before the AEDPA clock ran. The "tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral

-8-

Case No. 4:04-CV-169
Gwin, J.

petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (internal quotation marks omitted).

Before the AEDPA limitations period ran, Johnson properly filed an application for state post-conviction review. Under the text of AEDPA, the time during which Johnson's state habeas petition was pending "shall not be counted toward any period of limitation under [Section 2244(d)(1)]." 28 U.S.C. § 2244(d)(2); *see Elliot v. Dewitt*, No. 00-3329, 10 Fed. Appx. 311, 313, 2001 U.S. App. LEXIS 9390, at *4 (6th Cir. 2001) (unpublished opinion) (tolling the AEDPA's one-year limitations period while the prisoner's Ohio state post-conviction petition was pending because the state petition was filed before the final judgment).

Because Johnson's state habeas petition was pending for seven months, Section 2244(d)(2) tolled the AEDPA's one-year statute of limitations for the seven months from February 20, 2001 through September 24, 2001. Accordingly, Johnson's petition is timely because his state habeas petition tolled the AEDPA limitation period for seven months, and he filed his federal habeas petition on January 23, 2004, which was before the one-year limitations period expired.

*B. Ineffective Assistance Claim*

In their briefs to the Court, the parties only addressed the issue of timeliness. Because the Court finds that Johnson's federal habeas petition is timely, the Court orders the parties to brief the following three issues: (1) whether Johnson exhausted his state remedies for his ineffectiveness claim; (2) if Johnson's ineffectiveness claim is unexhausted, whether Johnson's claim is now procedurally defaulted because the time for Johnson to exhaust his claims has passed; and (3) if Johnson's claims are unexhausted, whether

-9-

Case No. 4:04-CV-169
Gwin, J.

the Court should address the merits of the claims pursuant to 28 U.S.C. § 2254 (b)(2).

First, the parties should brief whether Johnson exhausted his ineffective assistance of counsel claim. The AEDPA codifies the exhaustion doctrine. "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before those claims are presented to federal courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on petitioner's claims." *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *see also Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004), *cert. denied*, 125 S. Ct. 1316 (2005). "Such a requirement affords state courts an opportunity to consider and correct any violation of federal law, thus expressing respect for our dual judicial system while also furnishing a complete record of a petitioner's federal claim as litigated in the state system, including the state court of last resort." *Hafley v. Sowders*, 902 F.2d 480, 482 (6th Cir. 1990); *Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987) ("A state prisoner must exhaust all available state remedies . . . . [which] generally entails fairly presenting the legal and factual substance of every claim to all levels of state court review.").

Similarly, claims of ineffective assistance of counsel must be exhausted. *See Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). "[T]o the extent that an ineffective assistance of counsel claim is based upon an allegedly ineffective action than the claim presented to state courts, the claim has not been fairly presented to the state courts." *Caver v. Straub*, 349 F.3d 340, 346-47 (6th Cir. 2003); *Pillette v. Foltz*, 824 F.2d 494, 497-98 (6th Cir. 1987). Johnson's ineffectiveness claim may be unexhausted because he

-10-

Case No. 4:04-CV-169
Gwin, J.

did not appeal the trial court's denial of his state post-conviction petition to the Ohio Court of Appeals or Ohio Supreme Court.

Second, the parties should address whether Johnson procedurally defaulted his ineffective assistance of counsel claim. When a prisoner fails to fully litigate on the merits through the state court system and the claims are time barred under state law, the claimant procedurally defaulted and forfeited the claims. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirements would not find the claims procedurally barred . . . . there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims."); *see Harbison v. Bell*, 408 F.3d 823, 833 (6th Cir. 2005). If Johnson failed to exhaust his ineffectiveness claim, then he may have also procedurally defaulted the claim.

Third, the parties should address whether the Court should reach the merits of Johnson's claim, even if his claim is unexhausted or procedurally defaulted. While the AEDPA generally requires exhaustion, the AEDPA also allows federal habeas courts to reach the merits of an unexhausted claim: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2); *Hudson v. Jones*, 351 F.3d 212, 216 (6th Cir. 2003). Although exhaustion is generally required, a Court may address the merits of an unexhausted claim because exhaustion is not a jurisdictional limitation on the Court. *See Prather v. Rees*, 822 F.2d 1418, 1421-22 (6th Cir. 1987).

Accordingly, the Court orders the parties to submit brief regarding the three issues described

-11-

Case No. 4:04-CV-169
Gwin, J.

above.

## IV.  CONCLUSION

For the reasons stated above, the Court does not adopt the Magistrate Judge's report and recommendation.  Instead, the Court finds that Petitioner Johnson's 28 U.S.C. § 2254 habeas petition is not barred by the one-year statute of limitations because the time limitation was tolled for seven months during which Johnson's state petition for post-conviction review was pending.

The Court **ORDERS** the parties to brief the following three issues: (1) whether Johnson exhausted his state remedies for his ineffectiveness claim; (2) if Johnson's ineffectiveness claim is unexhausted, whether his claim is procedurally defaulted; and (3) if Johnson's claim is unexhausted or procedurally defaulted, whether the Court should address the merits of the claims pursuant to 28 U.S.C. § 2254 (b)(2). The parties shall submit briefs on these three issues within fourteen days of the date this order is filed.

IT IS SO ORDERED.


Dated: August 22, 2005                                s/          *James S. Gwin*
                                                      JAMES S. GWIN
                                                      UNITED STATES DISTRICT JUDGE