UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
ALI FREED JOHNSON,              :      CASE NO. 4:04-CV-169
                                              :
        Petitioner,           :
                                              :
vs.                                          :      OPINION AND ORDER
                                              :      [Resolving Doc. No. 24]
MICHELLE EBERLIN, Warden,   :
                                              :
        Respondent.         :
                                              :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Ali Freed Johnson filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on January 23, 2004. The Court referred the case to Magistrate Judge George J. Limbert under Local Rule 72.1.

The Magistrate Judge filed a Report and Recommendation on November 4, 2004, recommending that this Court deny Johnson's petition as time-barred pursuant to the one-year statute of limitations in the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"). 28 U.S.C. § 2244(d)(1). [Doc. No. 19]. On August 22, 2005, this Court filed an Opinion and Memorandum [Doc. No. 22] in which it declined to adopt the Report and Recommendation of Magistrate Judge George J. Limbert. [Doc. No. 22]. The Court found that Johnson's petition is timely as he was entitled to tolling of the AEDPA's one-year statute of limitations period.

On August 24, 2005, Respondent filed a Motion for Relief from the Court's Order, pursuant to

Case No. 4:04-CV-169
Gwin, J.

Rule 60(b)(1) of the Federal Rules of Civil Procedure. [Doc. No. 24]. Respondent argues that this court erred in calculating the relevant time periods in this matter and was thus incorrect in concluding that Johnson's petition was timely filed. For the reasons stated below, the Court grants Respondent's Motion for Relief from Judgment. The Court thus amends its earlier order and opinion.

I.  BACKGROUND

The following dates, briefly stated, are relevant to the Court's reconsideration of its calculations regarding the limitations period.[1] The Court of Common Pleas of Mahoning County found Johnson guilty of murder on September 13, 1995. On September 20, 1995, Johnson filed a motion for a new trial with the Court of Common Pleas. A trial judge overruled this motion on June 7, 2000. Following this decision, on February 20, 2001, Johnson filed both (1) an appeal of his conviction and sentence to the Ohio Court of Appeals, and (2) a petition for state post-conviction relief. On September 24, 2001, while Johnson's direct appeal was still pending, the trial court dismissed Johnson's petition for state post-conviction relief upon consideration of the State of Ohio's motion for summary judgment. Johnson did not appeal this determination.

On December 18, 2001, nearly three months after the trial court dismissed Johnson's petition for state post-conviction relief, the Ohio Court of Appeals affirmed Johnson's conviction and sentence. Johnson filed a further appeal with the Ohio Supreme Court on February 1, 2002. However, on April 3, 2002, the Ohio Supreme Court denied Johnson leave to appeal. Johnson did not petition the United States Supreme Court for writ of certiorari.

---

[1] For a more detailed description of the facts, see the Court's August 22, 2005 Opinion and Memorandum.

Case No. 4:04-CV-169
Gwin, J.

Finally, on January 23, 2004, Johnson filed a petition for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2244. As discussed above, Magistrate Judge Limbert recommended denying Johnson's federal habeas petition as time-barred. However, this Court, after reviewing Judge Limbert's report and recommendation de novo determined that Johnson's petition was timely.

Specifically, the court found that Johnson's conviction became final on July 2, 2002, the date upon which the ninety-day period for petitioning the United States Supreme Court for a writ of certiorari expired. *See Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003) (en banc), *cert. denied*, 541 U.S. 1070 (2004). The Court thus determined that the AEDPA limitations period applicable to Johnson's federal habeas corpus petition began running also on July 2, 2002. The Court also noted, however, that before the AEDPA clock ran, Johnson had filed a petition for state post conflict relief. Applying the § 2244(d)(2) tolling standards, the Court determined that Johnson was entitled to tolling for the seven month period during which Johnson's petition for state post-conviction relief was pending. Thus, the Court found that the limitations period did not begin to run until at least February 2, 2003. Respondent now seeks relief from this judgment, pursuant to Federal Rule of Civil Procedure 60(b)(1).

II. LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure provides: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... The motion shall be made within a reasonable time, and for reasons (1),... not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a

-3-

Case No. 4:04-CV-169
Gwin, J.

judgment or suspend its operation..."

The Sixth Circuit has recognized a claim of legal error as subsumed in the category of mistake under Rule 60(b)(1). *Pierce v. United Mine Workers of America Welfare & Retirement Fund for 1950 & 1974*, 770 F.2d 449, 451 (6th Cir. 1985); *see also Barrier v. Beaver*, 712 F.2d 231, 234 (6th Cir.1983). A Rule 60(b)(1) motion based on legal error must be brought within the normal time for taking an appeal. *Barrier*, 712 F.2d at 234.

III.   ANALYSIS

Respondent essentially argues that the Court misunderstood the various dates and time periods relevant to its determination of that Johnson's petition was entitled to statutory tolling under § 2244(d)(1) of the AEDPA. Section 2244 sets a one-year limitations period for prisoners filing federal habeas corpus petitions. A petitioner must file his habeas petition within one year of the later of four events, including the date upon which the judgment becomes final. *See* 28 U.S.C. § 2244(d)(1)(A). For purposes of federal habeas corpus review, a state court judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review," whichever comes later. 28 U.SC. § 2244(d)(1)(A). Direct review includes the ninety-day period during which a prisoner may petition the United States Supreme Court for a writ of certiorari, regardless of whether he files such a petition. *Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003) (en banc), *cert. denied*, 541 U.S. 1070 (2004).

The AEDPA tolls the one-year limitations period during "which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Thus, if a petition

-4-

Case No. 4:04-CV-169
Gwin, J.

for state post-conviction or other collateral review is *still pending* at the time the AEDPA limitations period would begin to run, the limitations period is tolled for the period during which it was pending and the time during which an appeal could be filed.

Respondent contends that the Court erred in tolling the statute of limitations on Johnson's federal habeas petition for the period during which Johnson's petition for state post-conviction relief was pending because the state petition was no longer pending when the AEDPA limitations period began to run on July 2, 2002. Specifically, the Ohio trial court dismissed the state petition on September 24, 2001, nearly ten months prior to July 2, 2002. This Court agrees that Johnson's state post-conviction petition would only result in the tolling of the AEDPA limitations period if the petition was *still pending* when Johnson's conviction becomes final. *See Elliot v. Dewitt*, No. 00-3329, 10 Fed. Appx. 311, 313, 2001 U.S. App. LEXIS 9390, at *4 (6th Cir. 2001) (unpublished opinion) (tolling the AEDPA's one-year limitations period while the prisoner's Ohio state post-conviction petition was pending because the state petition was still pending at the time the prisoner's conviction became final). Recognizing its error in calculation, the Court thus grants the Respondent's Motion for Relief from Judgment.

IV.    CONCLUSION

For the reasons stated above, the Court GRANTS Respondent's Motion for Relief from Judgment, pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure. The Court finds Petitioner Johnson's petition for writ of habeas corpus is time-barred and ADOPTS the report and recommendation of

Case No. 4:04-CV-169
Gwin, J.

Magistrate Judge George J. Limbert. [Doc. No. 22].

   IT IS SO ORDERED.


Dated: September 26, 2005          s/   *James S. Gwin*
                            JAMES S. GWIN
                            UNITED STATES DISTRICT JUDGE